No. 12194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1971

---

THE STATE OF MONTANA, ex rel. SAMMONS TRUCKING
INC., a Montana Corporation; NORTHERN TANK
LINE, a Montana Corporation; and GREYHOUND
LINES, INC., a California Corporation,

Relators,

-vs-

LOU BOEDECKER, ALFRED C. LANGLEY and ERNEST C.
STEEL, As Members of and comprising the BOARD
OF RAILROAD COMMISSIONERS and Ex-Officio PUBLIC
SERVICE COMMISSION of the State of Montana,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relators:

Risken and Scribner, Helena, Montana.
A. W. Scribner argued, Helena, Montana.

For Respondents:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
William E. O'Leary and David L. Astle, Helena,
Montana.
William E. O'Leary argued, Helena, Montana.

---

Submitted: December 21, 1971

Decided: JAN 3 - 1972

Filed: JAN 3 - 1972

*Thomas J. Kearney*
Clerk

PER CURIAM:

This is an original proceeding brought as a class action by common carriers operating motor vehicles engaged in interstate commerce and using Montana highways. Applicants seek a declaratory judgment and writ of mandate adjudging invalid certain state identification, registration and licensing procedures as imposed upon such vehicles to the extent that such state requirements impose greater and conflicting requirements than those imposed by federal law; and mandating the state accordingly.

Oral argument was had following the filing of this application. Respondents appeared through counsel for the Public Service Commission, who appeared likewise for the attorney general. Following oral argument respondents' counsel indicated he would file an answer admitting the facts of the petition which has now been done. All parties submitted the matter to the Court for decision on this basis.

From the undisputed facts it appears that in past years the Public Service Commission has registered motor carriers in interstate commerce under the provisions of section 8-123, R.C.M. 1947, and has further required the registration and indentification of each vehicle so engaged on or before July 1st of each year; the issuance of metallic license plates carrying a different identification number valid until July 1st of the succeeding year; and has imposed as a condition to the issuance of such plate and identification a ten dollar ($10.00) license fee prescribed

-2-

by section 8-116, R.C.M. 1947.

In 1965 the United States Congress enacted Public Law 89-170, imposing upon the Interstate Commerce Commission the duty of promulgating uniform standards for the registration and identification of interstate motor vehicles, applicable to all of the states of United States and to become effective five years from the date of such promulgation. This legislation expressly declared:

> "To the extent that any state requirements for registration of motor carrier certificates or permits issued by the Commission impose obligations which are in excess of the standards or amendments thereto promulgated under this paragraph, such excessive requirements shall on the effective date of such standards, constitute an undue burden on interstate commerce."

Acting pursuant to this authority the Interstate Commerce Commission has promulgated such standards applicable to the various states of United States. These became effective December 14, 1971, and provide for registration of each vehicle and issuance of identification stamps on or before January 31st of each calendar year. Such regulations further provide that the fee charged by the respective states for such registration and identification shall not exceed five dollars ($5.00) for each vehicle.

The Public Service Commission intends to proceed under the provisions of state law rather than federal law, unless otherwise directed by this Court. The underlying issue here involved is whether the state statutes or the federal legislation and regulations of the Interstate Commerce Commission control.

-3-

We hold the federal statute and regulations promulgated by the Interstate Commerce Commission in connection therewith to be controlling over contrary provisions of state law.

The state law regulating identification, registration and licensing procedures and fees of motor vehicles operated by common carriers is contained/chapter 184, Laws of 1931. This statute has not been amended since its original enactment. In 1947 the United States Supreme Court held that the ten dollar ($10.00) license fee required for such vehicles for use of the Montana highways was valid and did not constitute an undue burden on interstate commerce. Rwy. Com. v. Aero Mayflower Tran., 119 Mont. 118, 172 P.2d 452.

Public Law 89-170 was enacted by the United States Congress in 1965 and regulations in conformity therewith have been promulgated by the Interstate Commerce Commission. These necessitate an entire revision of the procedures provided by state law. Public Law 89-170 makes it unmistakably clear that all states must follow these provisions after the effective date, notwithstanding state laws or regulations to the contrary. This act expressly provides that state requirements shall not constitute an undue burden on interstate commerce if they are accomplished in accordance with the standards which have been promulgated by the Interstate Commerce Commission. It also expressly provides that to the extent state requirements pose greater obligations, they shall constitute an undue burden on interstate commerce.

By enacting this legislation Congress has pre-empted the field of state regulation and identification of interstate motor

vehicles using Montana highways. The laws and regulations of
the United States supersede the statutes of the state of Montana
on the same subject to the extent that they are in conflict
therewith and impose upon the Public Service Commission the duty
to carry out such provisions by registration and identification
of interstate motor vehicles operated by common carriers using
the highways of Montana in the manner prescribed by the federal
statutes and regulations on or before January 31, 1972. Where
a state statute and a federal statute operate upon the same sub-
ject matter and prescribe different rules concerning it, and the
federal statute is one within the competency of Congress to enact,
the state statute must give away. Interstate Commerce Commission
v. Detroit G. H. & M. R. Company, 167 U.S. 633, 42 L.Ed. 306, 17
S.Ct. 986; Cincinnati, N. O. & T. P. R. Co. v. Interstate Commerce
Commission, 162 U.S. 935. The United States Supreme Court has di-
rectly held that if a congressional enactment occupies the field,
it supersedes or pre-empts state law. United A. A. & A. I. W. v.
Wisconsin Emp. Rel. Bd., 351 U.S. 226, 100 L.Ed. 1163, 76 S.Ct.
794.

Congress has the power to act and to declare what consti-
tutes an undue burden on interstate commerce. Southern Pacific
Co. v. Arizona, 325 U.S. 761, 89 L.Ed 1915, 65 S.Ct. 1515 puts it
in this language:

> "Congress has undoubted power to redefine the
> distribution of power over interstate commerce.
> It may either permit the states to regulate the
> commerce in a manner which would otherwise not
> be permissible * * * or exclude state regula-
> tion even of matters of peculiarly local concern
> which nevertheless affect the interstate commerce

The matter is aptly put in 15 C.J.S. Commerce §15, p. 420:

"In accordance with the view that the regulation
of commerce is exclusively within the power of
Congress, if and when it chooses to act, * * *
where Congress regulates commerce by enacting a
statute, within its competency, that covers the
same subject matter as, or is in direct conflict
with, a state statute, the exercised power of
Congress is not only supreme and paramount but
also exclusive, superseding the state law and ex-
cluding additional or further regulation covering
the same subject by the state legislature. This is
true regardless of the authority under which the
state may have acted, such as under its police
power. The same result follows from the regula-
tion of an agency or instrumentality of commerce
by federal commissions or agencies, such as the
interstate commerce commission, or by the secre-
tary of commerce by virtue of power properly dele-
gated by Congress."

Accordingly we declare that the provisions of Public Law 89-170 and part 1023 of Title 49 of the Code of Federal Regulations are applicable to the registration and identification of motor vehicles in interstate commerce using the highways of the state of Montana, and that to the extent that Montana statutes impose greater and conflicting requirements, they constitute an undue burden on interstate commerce and must give way to the federal law. We specifically hold that Montana's previous licensing procedures including the imposition of the ten dollar ($10.00) fee imposed by section 8-116, R.C.M. 1947, are expressly in conflict with federal law and the state may impose a fee no greater than five dollars ($5.00) per vehicle for such purpose in accordance with federal regulations.

Let a peremptory writ of mandate issue accordingly.