No. 13216

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, ex rel.
SAMMONS TRUCKING INC., a Montana
corporation, et al.,

                Relators,

-vs-

GORDON BOLLINGER, THOMAS G. MONAHAN,
P.J. GILFEATHER, JAMES R. SHEA and GEORGE TURMAN,
as members of and comprising the PUBLIC
SERVICE COMMISSION, et al.,

                Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relators:

        Scribner and Huss, Helena, Montana
        Lawrence D. Huss argued, Helena, Montana

    For Respondents:

        Charles Dickman and Russell Doty, Helena, Montana
        Charles Dickman argued, Helena, Montana

---

                Submitted: December 3, 1975

                Decided: JAN 28 1976

Filed: JAN 28 1976

*Thomas J. Kearney*
                Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

This is an original proceeding brought by relators as common carriers operating motor vehicles engaged in interstate commerce and using Montana highways. Relators seek a declaratory judgment and writ of mandate adjudging invalid the state registration fee imposed by the Public Service Commission upon such vehicles to the extent that such fee imposes a greater and conflicting requirement than that imposed by federal laws and regulations.

Upon hearing counsel for relators ex parte this Court desired an adversary hearing. Such hearing was had on December 3, 1975.

Under Title 8, Chapter 1, Revised Codes of Montana, 1947, and 49 U.S.C. §302, the Public Service Commission has statutory authority to regulate all "for hire" motor vehicles operating on the public highways of the state of Montana. Section 8-116(a), R.C.M. 1947, provides for an assessment of an annual five dollar fee on each commercial motor vehicle which serves to register and identify such vehicle. Pursuant to this authority the Public Service Commission, in November 1975, sent a memo to all interstate motor carriers operating on Montana highways. The memo stated that due to legislative changes in section 8-101, R.C.M. 1947, defining motor vehicles, that term now included not only the motor carrier but also any trailer, semitrailer or dollie attached thereto and pursuant to section 8-116(a) each such vehicular unit is subject to the five dollar registration fee. It is upon the basis of this memo that relators seek a declaratory judgment and writ of mandate.

With these facts in mind, the issue for this Court's consideration is whether such a fee imposition is contrary to federal laws and regulations and thus nonenforceable to the extent that it creates an undue burden on interstate commerce.

In State ex rel. Sammons Trucking, Inc. v. Boedecker, 158 Mont. 397, 492 P.2d 919 (1972), this Court ruled that a ten dollar fee imposed on motor vehicles engaged in interstate commerce pursuant to section 8-116, R.C.M. 1947, was a burden on interstate commerce and therefore could not stand. Subsequently the legislature in 1973 amended section 8-116 to bring it into compliance with 49 U.S.C. §302 and 49 C.F.R. 1023.33 which require only a five dollar fee per interstate motor vehicle. However at the same time, the legislature also amended section 8-101(f), R.C.M. 1947, as to the definition of a motor vehicle. Prior to amendment the definition of a motor vehicle as set forth in section 8-101(f), read:

> "The term 'motor vehicle' shall include all vehicles or machines propelled by any power other than muscular used upon the public highways for the transportation of persons and/or property."

Subsequent to amendment, the definition of a motor vehicle as set forth in section 8-101(6), reads:

> "'Motor vehicle' includes vehicles or machines, motor trucks, tractors or other self-propelled vehicles used for the transportation of property or persons over the public highways of the state, and any trailer, semitrailer, dollie or other vehicle drawn thereby." (Emphasis supplied.)

The effect then of this state's definition of a motor vehicle as amended is to require a five dollar registration fee, under section 8-116(a), on each unit of an interstate transport. That this conflicts with federal law is apparent upon examination of Interstate Commerce Commission (I.C.C.) regulations promulgated pursuant to 49 U.S.C. §302(a). 49 C.F.R. 1023.1(h) defines a motor vehicle to be:

> "* * * a self-propelled or motor-driven vehicle operated by a motor carrier under authority issued by the Interstate Commerce Commission."

Nowhere in the I.C.C. definition is any mention made of dollies, trailers, or semitrailers as being motor vehicles. Rather, the I.C.C. definition is similar to the old Montana definition in that it applies only to the vehicle containing the mechanical

drive unit, not to whatever is being pulled by that power unit. In addition, the I.C.C. regulations provide at 49 C.F.R. 1023.33, that where any state prescribes registration or identification stamp fees for such motor vehicles:

"* * * such fee shall not exceed $5."

In conjunction with this five dollar maximum fee, federal statutory law states that any state motor vehicle fee greater than that allowed by I.C.C. regulation constitutes an undue burden on interstate commerce. 49 U.S.C. § 302(b)(2)(d). Therefore the effect of the state legislation, if enforced by the Public Service Commission, would be to impose a five dollar fee not only for the motor unit but also each unit towed thereby. This would impose fees substantially in excess of what I.C.C. regulations provide with the resulting undue burden on interstate commerce.

There can be no doubt that where a state statute conflicts with federal legislation in the same subject area and the federal legislation is within the competency of Congress to enact, the federal legislation is controlling. Interstate Commerce Commission v. Detroit, G.H. & M.R.Company, 167 U.S.633, 17 S.Ct. 986, 42 L.Ed. 306; Cincinnati, N.O. & T.P.R.Co. v. Interstate Commerce Commission, 162 U.S. 184, 16 S.Ct. 700, 40 L.Ed. 935; United A.A. & A.I.W. v. Wisconsin Emp.Rel.Bd., 351 U.S. 266, 76 S.Ct. 794, 100 L.Ed. 1162. In the specific area of interstate commerce this Court in State ex rel. Sammons Trucking Inc. v. Boedecker, 158 Mont. 397, 399, 400, 492 P.2d 919 (1972), stated:

> "We hold the federal statute and regulations promulgated by the Interstate Commerce Commission in connection therewith to be controlling over contrary provisions of state law."

Then, as to the specific subject of regulation of interstate commercial motor vehicles this Court, in Sammons, said:

"By enacting this legislation Congress has pre-empted the filed of state regulation and identification of interstate motor vehicles using Montana highways. The laws and regulations of the United States supersede the statutes of the state of Montana on the same subject to the extent that they are in conflict therewith and impose upon the Public Service Commission the duty to carry out such provisions by registration and identification of interstate motor vehicles operated by common carriers using the highways of Montana in the manner prescribed by the federal statutes and regulations * * *."

See also Eisenman Seed Co. v. Chicago, Milwaukee, St.P.& P.R.R., 161 Mont. 197, 505 P.2d 81.

Accordingly, we find the provisions of 49 U.S.C. §302(b) and 49 C.F.R. 1023 are controlling as to the registration and identification of motor vehicles engaged in interstate commerce using the highways of Montana, and to the extent that Montana statutes impose greater conflicting requirements, they constitute an undue burden on interstate commerce and must yield to federal authority. This Court specifically holds the state definition of a motor vehicle in section 8-101(6), R.C.M. 1947, relied upon by the Public Service Commission, expressly conflicts with federal law and the state may require a fee no greater than five dollars per motor vehicle, with the definition of such motor vehicle not to include the dollie, trailer or semitrailer for purposes of section 8-116(a), R.C.M. 1947.

This opinion constitutes a declaratory judgment. Let a peremptory writ of mandate issue.

Relators seek attorney fees in this cause. We decline to grant the same as the Public Service Commission was only following the command of the legislature.

_____
Justice

- 5 -

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_Wesley Castles_

_John Conway Harrison_
Justices.